# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO BRAVO PEDROZA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>ALBERTO R. GONZALEZ, DANIEL BANDA, ROBERT C. BARRANCO, N. ANTUNEZ, JOHN DOE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09cv1766-LAB (AJB)<br><br>**ORDER ADOPTING R&R** |

  Pedroza accuses the Defendants of malicious prosecution and violating his Fifth Amendment rights for filing removal charges against him that the Ninth Circuit dismissed. The Defendants moved to dismiss his complaint, and the Court referred their motion to Magistrate Judge Gallo for a Report and Recommendation. Judge Gallo issued his R&R on December 13, 2010, recommending that Pedroza's complaint be dismissed with prejudice. The Court **ADOPTS** that recommendation.[1]

  The central question here is whether 8 U.S.C. § 1252(g) divests the Court of jurisdiction to consider Pedroza's claims. The section, which "was aimed at preserving prosecutorial discretion," *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119 (9th Cir. 2001),

---

[1] Pedroza did not file an objection to the R&R, which counts heavily against him, especially considering that he has retained counsel. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." Like the R&R, the Court finds that Pedroza's claims "arise[ ] from the type of discretionary decision Congress intended to shield from suit." (R&R at 10.) The R&R deftly handles Pedroza's counter-arguments, and the Court would add just one additional point. Pedroza conflates the Defendants' discretion to *initiate* removal proceedings with their ultimate *success*, under the law, in doing so. Of course the Defendants have no discretion to violate *res judicata*. But hindsight is 20/20, and it is a separate question entirely whether they have discretion to attempt something that a court may subsequently find is barred by *res judicata*.

While section 1252(g) is sufficient to dispose of this case, the Court also agrees with the R&R's conclusion that Defendants are absolutely immune from suit *and* that Pedroza fails to state a claim against Alberto Gonzalez. The Court **ADOPTS** the R&R and **DISMISSES** Pedroza's first amended complaint with prejudice.

**IT IS SO ORDERED**.

DATED: March 10, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge